UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CENTER FOR IMMIGRATION STUDIES,

        Plaintiff,

    v.

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES,

        Defendant.

Civil Action No. 24-3206 (LLA)

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY
JUDGMENT AND REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION
<u>FOR SUMMARY JUDGMENT</u>**

## TABLE OF CONTENTS

Table of Contents ................................................................................................................. i

Table of Authorities ............................................................................................................ ii

Argument ............................................................................................................................. 1

    I.     Plaintiff Failed to Reasonably Describe Records Sought. ..................................... 1

    II.    Processing Records Responsive to the Request Would be Unduly Burdensome....4

    III.   Processing the Request Requires USCIS to Create Records and Conduct Research. ................................................................................................................ 6

    IV.   USCIS Conducted An Adequate Search. ............................................................. 7

Conclusion ......................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ctr. for Immigration Studies v. U.S. Citizenship & Immigration Servs.*,
  628 F. Supp. 3d 266 (D.D.C 2022) ..................................................................4, 5
*Diggs v. Potter*,
  700 F. Supp. 2d 20 (D.D.C. 2010) ...........................................................................6
*Elec. Priv. Info. Ctr. v. FBI*, Civ. A.,
  No. 17-0121 (TNM), 2018 U.S. Dist. LEXIS 85467 (D.D.C. May 22, 2018) .........................10
*Garcia v. USCIS*,
  168 F. Supp. 3d 50 (D.D.C. 2016) .........................................................................10
*Hall & Associates v. Environmental Protection Agency*,
  No. 16-5315, 2018 U.S. App. LEXIS 9181 (D.C. Cir. Apr. 9, 2018).......................................2
*Hudgins v. Comm'r*,
  620 F. Supp. 19 (D.D.C. 1985) ..............................................................................7
*Jean-Pierre v. Bureau of Prisons*,
  880 F. Supp. 2d 95 (D.D.C. 2012) ..........................................................................2
*Kendrick v. DEA*, Civ. A.,
  No. 21-1624 (TNM), 2025 U.S. Dist. LEXIS 42862 (D.D.C. Mar. 10, 2025)...........................7
*McKinley v. Bd. of Governors of the Fed. Rsrv. Sys.*,
  849 F. Supp. 2d 47 (D.D.C. 2012) .........................................................................10
*Miller v. Casey*,
  730 F.2d 773 (D.C. Cir. 1984) ...............................................................................4
*Morley v. CIA*,
  508 F.3d 1108 (D.C. Cir. 1991) ..........................................................................7, 8
*Parker v. Immigr. & Customs Enf't*,
  238 F. Supp. 3d 89 (D.D.C. 2017) ..........................................................................7
*SafeCard Servs. Inc. v. SEC*,
  926 F.2d 1197 (D.C. Cir. 1991) ..............................................................................6
*Wilkins v. Jackson*,
  750 F. Supp. 2d 160 (D.D.C. 2010) .....................................................................6, 7

**Regulations**

6 C.F.R. § 5.3(b) .........................................................................................2, 3

Defendant U.S. Citizenship and Immigration Services ("USCIS") respectfully submits this reply in further support of its motion for summary judgment (ECF No. 15) and opposition to Plaintiff's cross-motion for summary judgment (ECF No. 17).

## INTRODUCTION

This lawsuit stems from a multi-part Freedom of Information Act ("FOIA") request that Plaintiff the Center for Immigration Studies sent to USCIS for records regarding the Parole Program. *See* Pl. FOIA Request (ECF No. 1-1). USCIS attempted to process the request but unable to do so using the search parameters that Plaintiff provided. USCIS sought summary judgment because Plaintiff failed to reasonably describe the records sought, searching for and processing records responsive to the request would be unduly burdensome, and processing the request would require USCIS to conduct research to create records. Def. Mot. (ECF No. 15). Because Plaintiff's opposition (ECF No. 17) advances no arguments demonstrating how USCIS could process the request, the Court should grant USCIS's motion for summary judgment.

## ARGUMENT

**I.**     **<u>Plaintiff Failed to Reasonably Describe Records Sought.</u>**

Plaintiff sought "all records sufficient to show the type of visa each 'Non-immigrant' was admitted under," and " all records sufficient to show any and/or all the following information[,]" specifically, "how USCIS defines 'Other', or determines whether a 'Supporter' is appropriately categorized as 'Other,'" "the different categories/classifications of entities that make up the category of 'Other' and their respective quantities," "how many of those categorized as 'Other' represent a non-human entity,'" and "for those categorized as 'Other' and represent a non-human entity, provide the name of each entity, and/or the number of parolees they have each." Pl. FOIA Request (ECF No. 1-1). Although Plaintiff describes the knowledge it is hoping to gain from USCIS, Plaintiff does not identify or a specific type of record that it seeks to obtain. *Id.* Requests

that call for "specific pieces of information rather than records" are not proper FOIA requests. *Jean-Pierre v. Bureau of Prisons*, 880 F. Supp. 2d 95, 103 (D.D.C. 2012).

The fact that the request seeks records "sufficient to show" a piece of information rather than "related to" a piece of information does not change the analysis, contra Opp'n at 16, because the request still does not identify records, that Plaintiff is seeking, just the general subject matter. Plaintiff's request is similar to one that the D.C. Circuit held was not reasonably described in *Hall & Associates v. Environmental Protection Agency*, No. 16-5315, 2018 U.S. App. LEXIS 9181, at *3 (D.C. Cir. Apr. 9, 2018). Specifically, in *Hall & Associates,* the D.C. Circuit held that the request, which quoted a statement regarding scientific misconduct and asked the agency to provide all documents proving the statement wrong, "did not reasonably describe the documents sought [] and would have required [the Agency] to undertake research, analysis, and formulation of opinions – actions not required by FOIA." *Id.* at 4. Like the requester in *Hall & Associates*, Plaintiff identified disparate pieces if information that it was looking for and asked the agency to search for records sufficient to show those pieces of information. Pl. FOIA Request (ECF No. 1-1). And like the D.C. Circuit in *Hall & Associates*, 2018 U.S. App. LEXIS 9181, at *4, this Court should not construe this formula as a proper FOIA request.

Citing 6 C.F.R. § 5.3(b), Plaintiff argues that USCIS had an obligation to confer with Plaintiff on "what additional information is needed or why the request is otherwise insufficient." Opp'n at 17-18 (quoting 6 C.F.R. § 5.3(b)). But USCIS complied with this regulation by informing Plaintiff that it needed to identify what specific records it was looking for and that the request, as written, requires USCIS "to undertake a research project which FOIA does not require." Email, March 26, 2025 (ECF No. 17-3 at 3-4). USCIS, through counsel, explained that Plaintiff's FOIA request "ask[s] questions and ask[s] the Agency to look for records to answer those questions."

*Id.*  In response, Plaintiff did not provide further clarity, rather, Plaintiff, through counsel, recited standards about what constitutes a proper FOIA request and restated the substance of the request. Email, Mar. 27, 2025 (ECF No. 17-3 at 2-3).  Plaintiff also asked if USCIS had "forwarded Plaintiff's request to any employee of the agency familiar with the subject matter to locate the records?"  *Id.*  USCIS did indeed forward the request to individuals familiar with the subject matter. Specifically, USCIS tasked the Office of Performance and Quality, which manages USCIS databases, and the Verification Division, which manages programs that employers, government agencies, and licensing bodies use to confirm an individual's immigration status or work authorization in the United States and neither entity was able to locate responsive records, and the Office of Policy and Strategy.  Declaration of Jarrod Panter ("Panter Decl.") ¶¶ 21-24 (ECF No. 15-2).

Plaintiff specifically singles out Part 2(a) of its request, which seeks policy documents explaining how a U.S. based supporter of a parolee is properly categorized.  Opp'n at 19.  But if this information existed, it would be stored within the Office of Policy and Strategy and that office confirmed that it does not maintain the requested information.  Panter Decl. ¶ 24 (ECF No. 15-2). Indeed, USCIS determined that records responsive to Part 2(a) of the request "do not exist because 'Other' is simply a default category for anything that does not fall into the predefined classifications."  *Id.* ¶ 16.

Plaintiff argues it is at a disadvantage due to "information asymmetry" in how USCIS maintains the information.  Opp'n at 16.  But USCIS does not need to conduct a research project because Plaintiff is unaware of the types of records that USCIS maintains.  USCIS explained that finding information such as which non-human entities sponsored parolees and how many parolees each non-human entity sponsored requires USCIS to review 24,687 Forms I-134A. Panter Decl. ¶

16 Reviewing each of these forms to provide Plaintiff with the data it is seeking would, as explained on part II below, be unduly burdensome. Panter Decl. ¶ 16. Importantly, USCIS must read the request "as drafted, not as either agency officials or [Plaintiff] might wish it was drafted." *Miller v. Casey*, 730 F.2d 773, 777 (D.C. Cir. 1984); *Ctr. for Immigration Studies v. U.S. Citizenship & Immigration Servs.*, 628 F. Supp. 3d 266, 274 (D.D.C 2022) (rejecting Plaintiff's assertion that USCIS reads the request "too broadly" because "the agency (and the Court) reads the requests as drafted"). Because Plaintiff did not reasonably describe the records sought, the Court should enter summary judgment in USCIS's favor.

## II. <u>Processing Records Responsive to the Request Would be Unduly Burdensome.</u>

USCIS detailed the efforts that would be required to respond to Plaintiff's FOIA request and demonstrated that, even if the request were reasonably described, searching for and processing all records responsive to the request would significantly disrupt agency operations. Panter Decl. ¶ 14. Plaintiff again flags Part 2(a) of the request, Opp'n at 20, which seeks "all records sufficient to show how USCIS defines 'Other' or determines whether a 'Supporter' is appropriately categorized as 'Other.'" Pl. FOIA Request (ECF No. 1-1). But this is not the part of the request that makes processing the request unduly burdensome. USCIS explained that it does not have records responsive to this portion of the request because "Other" is a default category for anything that does not fall into the predefined classifications. Panter Decl. ¶ 16 (ECF No. 15-2). Had Part 2(a) been Plaintiff's entire request, USCIS's response would have been that it does not have responsive records. *Id.*

USCIS is not able to provide information responsive to Parts 2(b), (c), and (d) of the request without processing each of 24,678 Form I-134A applications categorized as 'other.' *Id.* Plaintiff argues that these portions of the request only seek records "sufficient to show" information requested in Parts 2(b), (c), or (d) and that Plaintiff will make determinations and identifications

based on the records provided.  Opp'n at 21.  But the only way for USCIS to produce records sufficient to show Part 2(b) (i.e., the different categories/classifications of entities that make up the category of "Other" and their respective quantities); Part 2(c) (i.e., the number of those categorized as "Other" represent a non-human entity; and Part 2(d) (and the number of those categorized as "other" represent a non-human entity, the name of each entity, and/or the number of parolees they have each sponsored without creating new records) would be for USCIS to produce all of the 24,678 Forms I-134A.  Panter Decl. ¶ 16 (ECF No. 15-2).  Each Form I-134 is ten pages long, meaning that processing 24,678 forms will require USCIS to process 246,780 pages.  See Form I-134A Example (ECF No. 16-3).  Each of these pages contains personally identifiable information for the sponsors or beneficiaries and thus USCIS will need to apply redactions under Exemption 6, and perhaps additional exemptions, before releasing any Forms I-134.  *Id.*  USCIS estimates that processing all these pages would take at least 6,169 workdays.  Panter Decl. ¶ 16.  The USCIS National Records Center tasked the Office of Performance and Quality and the Verification Division to confirm that there was no other method to retrieve the information that Plaintiff sought, and both entities determined that they could not retrieve the requested information.  *Id.* ¶¶ 21-23.  Because USCIS does not have a database, spreadsheet, or other easily retrievable records that separately track statistics about the sponsors categorized as "Other" USCIS could only provide information sufficient to show the information that Plaintiff seeks by providing the 24,678 Forms I-134A themselves.  *Id.* ¶¶ 16, 18.

In response, Plaintiff speculates about other ways that USCIS might store this information that, presumably would make it easier to retrieve.  *See* Opp'n at 23-25.  But Jarrod Panter, the Acting Associate Center Director the FOIA and Privacy Act Unit at the USCIS National Records Center, attested that processing each of the 24,678 Forms I-134A for supporters categorized as

"other" is the only way to retrieve this information. Panter Decl. ¶¶ 16, 18, 21-23. "Agency affidavits are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs. Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991). Plaintiff only offers speculation about ways in which USCIS stores the information that Plaintiff believes would make locating the records more efficient, Opp'n at 23-25, but USCIS has attested that there is no other way to collect the information that Plaintiff seeks and thus the declaration is unrebutted.

Further, USCIS's opening motion explained how responding to Part 1 of Plaintiff's FOIA request would be unduly burdensome because conducting a search for these records would require USCIS to process, review, and research records pertaining to all 2,353 individuals listed as non-immigrants. Def. Mot at 13 (ECF No. 15); Panter Decl. ¶ 15. Processing these records would require at least 4,706 hours or 588 workdays of research, review and processing. Panter Decl. ¶ 15. Plaintiff offers no arguments in response and thus has waived any arguments that it could have made asserting that Part 1 is not unduly burdensome. *Wilkins v. Jackson*, 750 F. Supp. 2d 160, 162 (D.D.C. 2010) ("It is well established that if a plaintiff fails to respond to an argument raised in a motion for summary judgment, it is proper to treat that argument as conceded."); *see also, Diggs v. Potter*, 700 F. Supp. 2d 20, 42 (D.D.C. 2010) (same).

Accordingly, USCIS appropriately declined to respond to Plaintiff's FOIA request because processing the request is unduly burdensome.

### III.    Processing the Request Requires USCIS to Create Records and Conduct Research.

Plaintiff seeks to learn how USCIS defines "other," Pl. Request (ECF No. 1-1); however USCIS does not keep this information outside of the Forms I-134A themselves. Panter Decl. ¶ 18. USCIS does not store this information in an existing report or structured database and thus USCIS would need to create new records. *Id.* Because USCIS does not have records responsive to the

request that can be produced without undue burden, Plaintiff's request for "all records sufficient to show" answers to various questions is an interrogatory disguised as a document request. It is well established that FOIA does not require agencies to answer interrogatories. *Hudgins v. Comm'r*, 620 F. Supp. 19, 21 (D.D.C. 1985), *aff'd*, 808 F.2d 137 (D.C. Cir. 1987) ("FOIA does not require an agency to answer questions"); *see also, Kendrick v. DEA*, Civ. A. No. 21-1624 (TNM), 2025 U.S. Dist. LEXIS 42862, at *11 (D.D.C. Mar. 10, 2025) (same).

Additionally, Plaintiff's opposition includes no arguments about why responding to Part 1 of the request would not require USCIS to conduct research or answer interrogatories. *See* Opp'n at 27-28. Thus, Plaintiff has waived any arguments that it could have made explaining why Part 1 of the request was a proper FOIA request. *See e.g. Wilkins*, 750 F. Supp. 2d at 162.

Accordingly, USCIS appropriately denied Plaintiff's FOIA request because Plaintiff responding to the request would require USCIS to create new records, conduct research, or answer interrogatories.

## IV.    <u>USCIS Conducted an Adequate Search.</u>

USCIS conducted a search for records responsive to Plaintiff's request but determined that it could not respond to the request without processing an unduly burdensome number or records or creating new records. Panter Decl. ¶¶ 20-25. "If the agency has produced such a reasonably detailed affidavit describing its search, the burden shifts to the FOIA requester to produce 'countervailing evidence' of a genuine dispute of material fact as to the adequacy of the search." *Parker v. Immigr. & Customs Enf't*, 238 F. Supp. 3d 89, 101 (D.D.C. 2017) (quoting *Morley v. CIA*, 508 F.3d 1108, 1116 (D.C. Cir. 1991)). Here, USCIS sent the request to the three Offices that likely to have records responsive to Plaintiff's FOIA request or were subject matter experts in the types of records sought but none of those offices or experts had responsive records. Panter Decl. ¶¶ 20-25.

Plaintiff argues that USCIS only attempted to conduct a search for Part 1 of the request. Opp'n at 31. This is not accurate. The USCIS National Records Center sent a copy of request to the Office of Performance Quality "which included the Plaintiff's specific request for records." Panter Decl. ¶ 22. The National Records center specifically instructed the Office of Performance Quality "to read the request and use any search terms or phrases that would reasonably be calculated to locate records responsive to the request." *Id.* But the Office of Performance Quality did not have responsive information other than the Forms I-134A themselves. *See Id.* ¶¶ 16, 18, 22. Neither the Verification Division, nor the Office of Policy and Strategy had responsive information either. *Id.* ¶¶ 23-24.

Plaintiff argues that USCIS failed to search for records responsive to Part 2 of the request because USCIS did not "properly ascertain" the scope of the request. Opp'n at 30. Not so. USCIS determined that it does not have information responsive to part 2(a) because "Other" is simply a default category for anything that does not fall into the predefined classifications. Panter Decl. ¶ 16. If such records existed, they would be stored in the USCIS Office of Policy and Strategy because the Office of Policy and Strategy "manages the USCIS Policy Manual, coordinates USCIS strategic goals and objectives, and oversees the regulatory development process." USCIS Overview, at 37 (March 2021) https://www.uscis.gov/sites/default/files/document/presentations/USCIS-Overview-101.pdf (last visited, Jul. 19, 2025). But the Office of Policy and Strategy reported that it does not have the information. Panter Decl. ¶ 24.

Lack of effort or imagination was not the cause of USCIS's inability to find records sufficient to show the information that Plaintiff seeks in Parts 2(b), (c), and (d) of the request without processing the Forms I-134A. Panter Decl. ¶¶ 16, 18. The Office of Performance Quality

is the steward of all USCIS data and provides "relevant and actionable datasets and analysis to USCIS directorates and program offices, as well as to external stakeholders from the department, administration, and public at large." *Id.* ¶ 21. Thus, as the steward of all USCIS data, if USCIS had records sufficient to show different categories/classifications of entities that make up the category of "Other" and their respective quantities, then the Office of Performance Quality would have had it or would have been able to identify the office in USCIS that did have it. *Id.* ¶¶ 21-22.

Even though the Office of Performance Quality did not have the information, that National Records Center did not end its search there. The National Records Center tasked the Verification Division, which manages programs that help employers, government agencies, and licensing bodies confirm an individual's immigration status or work authorization in the United States. *Id.* ¶ 23. The parole program provided a lawful way for "qualifying nationals of Cuba, Haiti, and Nicaragua who are outside the United States and lacking U.S. entry documents to come to the United States." USCIS, DHS Implements New Processes for Cubans, Haitians, and Nicaraguans and Eliminates Cap for Venezuelans (Jan. 6, 2023), https://www.uscis.gov/newsroom/alerts/dhs-implements-new-processes-for-cubans-haitians-and-nicaraguans-and-eliminates-cap-for-venezuelans (last visited, July 19, 2025). Because the Verification Division tracks non-citizens eligibility to live and work in the United States, it is logical that the Verification Division would have information about how a non-citizen became eligible to reside in the United States, but like the Office of Performance Quality, the Verification Division did not have a way of locating the information that Plaintiff sought without processing 24,678 Forms I-134A or creating new records. Panter Decl. ¶ 23.

Moreover, in addition to advising the Director, the Office of Policy and Strategy "performs research and analysis on immigration issues and program evaluations including analyzing

immigration trends." *Id.* ¶ 24. Thus, the Office of Policy and Strategy would presumably have information about the implementation of the parolee program and trends associated with the program. Nonetheless, the Office of Policy and Strategy did not have records "sufficient to show" the information that Plaintiff was looking for. *Id.*

If the information Plaintiff seeks existed outside of the Forms I-134A, then the Office of Performance Quality, the Verification Division, and the Office of Policy and Strategy would have the information or know which part of USCIS is most likely to have the information. Panter Decl. ¶¶ 21-24. But those searches did not turn up responsive information and thus USCIS properly determined that the request could not be fulfilled. *Id.* ¶ 25. Because USCIS searched offices that were likely to have responsive records or that would know where responsive records are located, USCIS has fulfilled its obligation to search for responsive records. *Elec. Priv. Info. Ctr. v. FBI*, Civ. A. No. 17-0121 (TNM), 2018 U.S. Dist. LEXIS 85467, at *5-6 (D.D.C. May 22, 2018) (finding search adequate where, based on consultation with subject matter experts, agency searched location in which responsive records stored); *Garcia v. USCIS*, 168 F. Supp. 3d 50, 61 (D.D.C. 2016) (finding that "[b]ecause all documents related to an alien's immigration transactions 'should, as a matter of course, be consolidated in the A-File,' there is no reason to doubt that any extant files related to Plaintiff's . . . application were included in his A-File"); *McKinley v. Bd. of Governors of the Fed. Rsrv. Sys.*, 849 F. Supp. 2d 47, 55-56 (D.D.C. 2012) (concluding that search was reasonable because agency determined that all responsive records were located in particular location created for express purpose of collecting records related to subject of request and searched that location).

Accordingly, Defendant conducted an adequate search for records responsive to the request.

**CONCLUSION**

For these reasons, and the reasons stated in Defendant's underlying motion, the Court should grant summary judgment in Defendant's favor and deny Plaintiff's cross motion for summary judgment.

Dated: July 22, 2025                          Respectfully submitted,

                                              JEANINE FERRIS PIRRO
                                              United States Attorney


                                              By: _____*/s/ John J. Bardo*_____
                                                   JOHN J. BARDO, D.C. Bar #1655534
                                                   Assistant United States Attorney
                                                   601 D Street, NW
                                                   Washington, DC 20530
                                                   (202) 870-6770

                                              *Attorneys for the United States of America*